**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SUPASTAR WARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00488-SRW |
| ) | |
| ANNE PRECYTHE et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Supastar Ware's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application, the Court will grant the request and assess an initial partial filing fee of $14.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will require Plaintiff to file an amended complaint for the reasons set out below.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds

$10, until the filing fee is fully paid. *Id*. Even if the Court grants *in forma pauperis* status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff is a prisoner at Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. ECF No. 1. In support of Plaintiff's motion to proceed without prepaying fees and costs, she submitted an inmate account statement showing average monthly deposits of $70, and an average monthly balance of $65.43 over the six-month period prior to case initiation. ECF No. 8. The Court finds that Plaintiff has insufficient funds in her prison account to pay the entire fee and will therefore assess an initial partial filing fee of $14, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

**Background**

Plaintiff filed this action under 28 U.S.C. § 1983 against 31 prison officials for various alleged civil rights violations. Plaintiff describes a broad range of grievances, including sexual and physical assaults, mail tampering, verbal harassment, HIPAA violations, and food tampering, among others. ECF. No. 1. Much of the complaint is difficult to read. The allegations lack clear organization, making it difficult to connect the events or identify a coherent narrative. Plaintiff alleges several injuries, including headache, swollen hands, back and shoulder pain, nightmares, thoughts of suicide, anxiety, depression, and mood swings. *Id*. at 10. Plaintiff seeks damages in the amount of nine quintillion dollars ($9,000,000,000,000,000,000), as well as a monthly pension. *Id*. at 11.

Since commencing this action, Plaintiff has filed several supplements and letters with the Court. *See* ECF Nos. 4-9. Plaintiff's supplements are similarly difficult to understand and do nothing to address the complaint's deficiencies. Supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Consequently, the Court does not accept amendments to the complaint through supplements, declarations, notices, or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). In other words, Plaintiff may not amend or add to a complaint by filing separate documents. The Court recognizes that Plaintiff is representing herself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996). Thus, the Court will not consider ECF Nos. 4-9 in its initial review.

Plaintiff has filed eight cases with this Court in the past year. Many of these cases contain nearly identical claims as the one filed here. Plaintiff is cautioned that she should not repeat claims that are already represented in other pending cases.

## Discussion

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). This rule is designed to give defendants fair notice of the claims against them and to ensure that the court has sufficient information to assess the merit of the case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of multiple defendants in a single lawsuit if the plaintiff's claims arise from the same transaction or

occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a). Unrelated claims against different defendants must be filed in different suits. This rule is particularly relevant in *in forma pauperis* prisoner litigation, as it helps ensure compliance with the PLRA, which limits the number of frivolous suits or appeals a prisoner may file. *See* 28 U.S.C. § 1915(g).

Plaintiff's complaint violates Rules 8 and 20. First, Plaintiff's "statement of claim" fails to comply with Rule 8's requirement for a short and plain statement. Instead of a short and plain statement, Plaintiff lists and describes 27 "claims" which span over seven pages. Second, the complaint improperly joins 31 defendants without satisfying Rule 20's prerequisites. Plaintiff has not shown that her claims arise from the same transaction or occurrence, nor has Plaintiff identified any common question of law or fact linking these claims. Indeed, many allegations describe separate acts by different defendants on different dates. Because the complaint violates Rule 8's pleading standards and Rule 20's joinder requirements, Plaintiff must file an amended complaint that addresses these deficiencies in accordance with the following instructions:

1. **Organization and clarity**

Rule 8(a) requires a short and plain statement of the claim showing that Plaintiff is entitled to relief. The allegations must be simple, concise, and direct.

Plaintiff shall file her amended complaint using the Prisoner Civil Rights Complaint form. Plaintiff may attach additional pages, if necessary. She shall organize her allegations into clear, numbered paragraphs. Each paragraph should address a specific claim or event in a logical and coherent manner, with a clear connection to the legal claims asserted.

2. **Joinder of defendants**

Plaintiff names 31 defendants in this action. Under Rule 20(a), multiple defendants may only be joined in a single action if the claims against them arise from the same transaction or

occurrence and share a common question of law or fact. The complaint as currently written does not meet this standard. If Plaintiff opts to name more than one defendant in her amended complaint, she shall limit the complaint to claims that arise from the same incident or series of incidents. Claims that involve unrelated events or incidents should be filed in separate lawsuits.

### 3. Amended complaint replaces the original

An amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

### 4. Review under 28 U.S.C. § 1915

Because Plaintiff is proceeding *in forma pauperis*, the Court will review Plaintiff's amended complaint under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within 30 days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### Conclusion

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and will assess an initial partial filing fee of $14.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will require Plaintiff to file an amended complaint that addresses the deficiencies identified herein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $14.00 within 30 days of the date of this order. Plaintiff must make her remittance payable to "Clerk, United States District Court," and shall include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and return the form in accordance with the Court's instructions within 30 days of the date of this order.

Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 12th day of June, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE